IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN AMERICAN LIFE INSURANCE COMPANY OF PUERTO RICO,<br><br>     Plaintiff,<br><br>     v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>     Defendant. | CIVIL NO. 15-1173 (GAG)<br><br><br><br>RE: BREACH OF CONTRACT AND COMPENSATORY DAMAGES |

**AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, Pan American Life Insurance Company of Puerto Rico ("PALIC-PR"), by and through its undersigned legal counsel, and for its causes of action against defendant, Express Scripts, Inc. ("ESI"), respectfully avers and prays as follows:

## I.     INTRODUCTION

1.     This is a civil action by plaintiff PALIC-PR seeking compensatory damages owed by defendant ESI as a result of ESI's breach of the *Integrated Prescription Drug Program Master Agreement* dated January 1, 2012 (the "Agreement"), by and between PALIC-PR and Medco Health Solutions, Inc. ("Medco") (who was acquired by ESI on April 2, 2012). PALIC-PR performed its contractual duties and obligations. However, ESI breached the *Agreement* by mishandling and/or improperly processing claims, and failing to terminate groups by PALIC-PR, resulting in ESI's issuance of payments after PALIC-PR's notices of cancellation.

2.     As a result of ESI's breach of the *Agreement*, PALIC-PR has suffered substantial damages. ESI owes PALIC-PR: (i) **$519,269.00** for adjustments and/or

reimbursements resulting from overpayments for certain pharmacy claims ESI processed during the years 2012 and 2013, and (ii) **$55,882.26** for amounts overpaid by ESI after receiving PALIC-PR's notices of cancellation, for a grand total of **$575,151.26**, exclusive of interest, costs, expenses, and attorney's fees.

## II.   THE PARTIES

3. Plaintiff, PALIC-PR, is an insurance company organized and existing under the laws of the Commonwealth of Puerto Rico, which maintains a principal place of business in San Juan, Puerto Rico. It is engaged in the business of insurance, and in providing payment of prescription drugs and related services for persons eligible to receive such benefits through affiliation with a group that has a contract or other arrangement in effect with PALIC-PR.

4. Defendant, ESI, is a corporation originally organized under the laws of Missouri in September of 1986, and reincorporated in March of 1992 under the laws of Delaware. ESI maintains its principal place of business in Saint Louis, Missouri. It is engaged in the business of providing prescription drug benefit programs and establishing networks of participating retail pharmacies and operates a system for the processing, fulfillment and payment of claims of prescription drugs furnished by such pharmacies.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction of this action under 28 U.S.C. § 1332, since the parties are citizens of different States and, thus, there is complete diversity. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue properly lies in this District under 28 U.S.C. § 1391 (a)(1) and (b)(2).

## IV. GENERAL ALLEGATIONS

7. On January 1, 2012, Medco and PALIC-PR executed a non-exclusive *Integrated Prescription Drug Program Master Agreement*. The *Agreement* is attached hereto and made a part hereof as **Exhibit A**.

8. Through the *Agreement*, PALIC-PR retained the services of Medco "to provide a prescription drug benefit program (the "Program"), including but not limited to, retail pharmacy, mail order pharmacy, and specialty drug pharmacy services for eligible persons, point-of-care, physician office communications and cost containment initiatives developed and implemented by Medco, which may include communications with prescribers, patients, and/or participating pharmacies, and financial incentives to participating pharmacies for their participation in such initiative (collectively, "PBM Services")." *See*, **Exhibit A**, at p. 1.

9. Prior to the execution of the *Agreement*, Medco was fully aware of PALIC-PR's existing relationship with another pharmacy benefit manager ("PBM").

10. On April 2, 2012, Medco was acquired by ESI. As a result, Medco's rights and interests in and to the *Agreement* were acquired by defendant ESI, as successor.

11. PALIC-PR performed its duties and obligations pursuant to the *Agreement*.

12. During Medco/ESI's administration of the Program, PALIC-PR brought to ESI's attention the existence of problems associated with (i) significant errors in group's plan design that resulted in overpayments by PALIC-PR and its insureds; and (ii) ESI's failure to terminate groups after notification by PALIC-PR. These issues are well-documented in numerous e-mails and communications between PALIC-PR and ESI.

13. As a result of ESI's poor and deficient performance, on June 26, 2014, PALIC-PR notified a letter to ESI as written notice of non-renewal/termination of the *Agreement*, effective December 31, 2014.

14. PALIC-PR retained the services of González-Torres & Co., P.S.C. ("GTC"), an external auditor, to conduct an audit of pharmacy claims processed or handled by ESI during the years 2012 and 2013.

15. To perform the audit, PALIC-PR requested a database audit of all the transactions performed by ESI to confirm whether the co-pay and coverage rules were correctly applied for each client group and every pharmacy policy year.

16. The database consisted of approximately 150,000 transactions, from which GTC selected a sample of 300 transactions. The 300 transactions selected as audit sample were individually audited by GTC.

17. GTC prepared audit trails and/or supporting documents for all 300 transactions that were audited.

18. As a result of the audit, GTC issued a *PBM Sample Analysis Report for Pan-American Life Insurance Co.*, dated October 10, 2014 (the "Audit Report"). The *Audit Report* is attached hereto and made a part hereof as **Exhibit B**.

19. The *Audit Report* contains a "description of the findings sample, the description of the evaluation by GTC and PALIC of these transactions, the analysis of this evaluation and revised recommendations based on the analysis." *See*, **Exhibit B**, at p. 4.

20. As a result of the audit, GTC made two findings on the audit sample. The first, referred to therein as "Covered," resulted when a "Pharmacy Claim payment made by PALIC-PR was covered and the Co-pay was calculated incorrectly." The second,

4

referred to therein as "Uncovered," occurred when a "Pharmacy Claim payment made by PALIC-PR was not covered; PALIC-PR payment and the patients co-pay should not be proceed by the PBM." *See*, **Exhibit B**, at p. 10.

21. The *Audit Report* serves to establish the breach of the *Agreement* and as basis for the adjustments/reimbursements that are due and owing by ESI to PALIC-PR for the following concepts:

| Finding | Description | Action | Amount to be Recovered from the PBM |
|---|---|---|---|
| Covered | Overpaid Pharmacy Claims by PALIC-PR | Recover | $181,227 |
| Covered | Claim Processing Fee for finding Transaction paid by PALIC-PR | Recover | $41,200 |
| Uncovered | Undue paid Pharmacy Claims paid by PALIC-PR | Recover | $281,630 |
| Uncovered | Undue Claim Processing Fee paid by PALIC-PR | Recover | $15,212 |
| **Total** | | | **$519,269** |

*See*, **Exhibit B**, at p. 11 (Table), Appendixes 1 and 2.

22. As the *Audit Report* clearly reflects, ESI provided PBM Services in a substandard fashion, in breach of the *Agreement*. As a direct result, ESI owes PALIC-PR the sum of *$519,269.00*. *See*, **Exhibit B**, at p. 11.

23. In addition, PALIC-PR provided written notice to ESI regarding groups that were terminated by PALIC-PR. The notices of cancellation sent by PALIC-PR to ESI are attached hereto and made a part hereof as **Exhibit C**.

24. Despite PALIC-PR's clear communications regarding the termination of groups, ESI wrongly and improperly issued payments after receiving the corresponding cancellation notices from PALIC-PR. As a direct result, ESI owes PALIC-PR the sum of *$55,882.26*. *See*, Spreadsheet attached hereto and made a part hereof as **Exhibit D**.

5

25. PALIC-PR has demanded payment of the corresponding amounts of **$519,269.00** and **$55,882.26**, without success.

26. The total sum of **$575,151.26**, owed by ESI to PALIC-PR is immediately due, demandable and payable.

## V.   FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

27. The preceding allegations are included herein as if restated in full.

28. PALIC-PR and ESI entered into the *Agreement*, which is a valid contract.

29. PALIC-PR performed its contractual duties and obligations under the *Agreement*.

30. ESI had a duty to comply with the *Agreement*, including its Schedule A (Program Pricing Terms), for the claims it managed during the years 2012 and 2013.

31. GTC audited a sample of 300 pharmacy claims managed by ESI during the years 2012 and 2013, and issued the *Audit Report*.

32. As evidenced by the *Audit Report*, ESI breach the *Agreement* and caused substantial damages to PALIC-PR, as it:

(i) failed to correctly apply the co-pay and coverage rules of numerous client groups during the years 2012 and 2013;

(ii) made numerous errors associated with group's plan designs, resulting in overpayments by PALIC-PR and its insureds; and

(iii) failed to address and correct all system errors that caused the overpayments in question.

33. The *Audit Report* issued by GTC clearly shows that PALIC-PR has suffered substantial damages as a result of ESI's breach of the *Agreement* and, thus,

6

adjustments/reimbursements are due by ESI to PALIC-PR in the amount of ***$519,269.00.***

34. With respect to groups terminated by PALIC-PR, ESI breached the *Agreement* and issued payments after receiving notices of cancellation from PALIC-PR. Because payments were wrongly and improperly issued by ESI, the amount of ***$55,882.26*** is due to PALIC-PR. *See,* **Exhibits C** and **D**.

35. ESI failed to promptly reimburse any and all of the amounts due to PALIC-PR resulting from overpayments or adjustments, and for payments issued by ESI after receiving cancellation notices from PALIC-PR regarding terminated groups.

36. As a result of ESI's breach of the *Agreement*, in mishandling of pharmacy claims and inadequate rendering of PBM Services, ESI owes PALIC-PR the total amount of ***$575,151.26***.

### VI.   SECOND CAUSE OF ACTION
### (COMPENSATORY DAMAGES)

37. The preceding allegations are included herein as if restated in full.

38. Pursuant to the *Audit Report*, ESI's breach of the *Agreement* has caused a substantial damages to PALIC-PR in the sum of ***$519,269.00*** for adjustments and/or reimbursements resulting from overpayments for certain pharmacy claims it processed during the years 2012 and 2013.

39. In breach of the *Agreement*, ESI issued payments after receiving notices of cancellation from PALIC-PR regarding groups terminated by PALIC-PR. As a direct result, ESI owes PALIC-PR the amount of ***$55,882.26***.

40. The amounts owed and claimed herein are therefore due, demandable and payable.

7

41. ESI has failed to pay PALIC-PR the corresponding amounts of **$519,269.00** and **$55,882.26**, and has continuously disregarded PALIC-PR's repeated requests for payment.

42. As a result of ESI's failure to pay PALIC-PR, it owes PALIC-PR the total amount of **$575,151.26** for compensatory damages, plus pre-judgment interest.

**WHEREFORE,** plaintiff PALIC-PR demands that judgment be entered against defendant ESI, thus ordering ESI to pay PALIC-PR the sum of **$575,151.26** for compensatory damages, plus pre-judgment interest on said amount until full payment, and granting PALIC-PR any such other and further relief as may be proper, including costs of this action and an award of attorney's fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of April, 2015.

**WE HEREBY CERTIFY**: That on this same date the foregoing *Amended Complaint* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**ADSUAR MUÑIZ GOYCO
SEDA & PÉREZ-OCHOA, P.S.C.**
*Counsel for PALIC-PR*
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000 / Fax: 787.756.9010
E-mail: epo@amgprlaw.com
jtorrens@amgprlaw.com

By: *s/Eric Pérez-Ochoa*
ERIC PÉREZ-OCHOA
USDC-PR No. 206314

By: s/ *Jaime A. Torrens Dávila*
JAIME A. TORRENS DÁVILA
USDC-PR 223810